# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LUIS CERVANTES,<br><br>    Plaintiff,<br><br>v.<br><br>EDDIE SCOTT, et al.,<br><br>    Defendants. | Case No. 2:17-cv-00562-MMD-DJA<br><br>**ORDER AND**<br>**REPORT AND RECOMMENDATION** |

This matter is before the Court on Plaintiff Luis Cervantez's Motion to Amend/Correct the Complaint (ECF No. 63), filed on December 11, 2019. Defendant Allan Kirkwood filed a Response (ECF No. 64) on December 23, 2019. Plaintiff filed a Reply (ECF NO. 67) on January 9, 2020. This matter is also before the Court on Plaintiff's Motion to Extend Discovery (ECF No. 68), filed on January 13, 2020. Defendant filed a Response (ECF No. 69) on January 27, 2020 and Plaintiff filed a Reply (ECF No. 70) on February 3, 2020. Finally, this matter is before the Court on the parties' Stipulation to Extend the Dispositive Motions Deadline (ECF No. 71) filed on March 4, 2020. The Court finds this matter properly resolved without a hearing. *See* Local Rule 78-1.

The parties are familiar with the facts of this case and the Court will not repeat them here except as necessary. Plaintiff claims that he seeks to amend his Complaint to add three parties as Defendants: Dr. Paul Bitar, DDS, Arianna Rhynard, RN, and NaphCare, Inc. (ECF No. 63). However, Defendant Kirkwood responds that the amendment also seeks to add four new pendant state law claims against current Defendants along with adding the newly proposed defendants. (ECF No. 64). Further, Defendant Kirkwood contends that Plaintiff failed to provide any explanation for waiting almost two years to amend his complaint to add new claims against Naphcare and one year to add Dr. Bitar and Nurse Rhynard. (ECF No. 64, 6-7).

Rule 15(a)(2) of the Federal Rules of Civil Procedure, regarding the amendment of pleadings, directs that "[t]he court should freely give leave when justice so requires." The Ninth Circuit Court of Appeals has repeatedly cautioned courts in this circuit to "liberally allow a party to amend its pleading." *Sonoma Cnty. Ass'n of Ret. Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013). "Courts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment, etc.'" *Id.* at 1117 (*quoting Foman v. Davis*, 371 U.S. 178, 182 (1962)).

When leave to amend is sought after the amendment deadline in the court's scheduling order has expired, the movant must also show good cause to reopen the amendment period and excusable neglect for the delay. *See* Fed. R. Civ. P. 6(b)(1)(B) (stating "the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."). In evaluating excusable neglect, the court weighs: "(1) the danger of prejudice to the non-moving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith." *Pincay v. Andrews*, 389 F.3d 853, 860 (9th Cir. 2004) (citing *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 395 (1993)). The weight assigned to these factors is left to the court's discretion. *Id.* When a court can "conceive of facts that would render plaintiff's claim viable," or "it appears at all possible that the plaintiff can correct the defect," an amendment should not be found futile. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1988) (internal quotation marks and citations omitted).

The Court dismissed Naphcare without prejudice in its screening order back on March 7, 2018. (ECF No. 5). The deadline to amend the pleadings and add parties expired on February 5, 2019. (ECF No. 25). The parties' requests to extend the discovery deadlines did not include any mention of extending that deadline. The Court cannot find that Plaintiff's requested amendment is supported by excusable neglect. First, there is danger of prejudice to Defendants – current and

proposed. Discovery has currently closed. Adding new claims, especially against currently named Defendants, at this late stage is prejudicial. In fact, the Court has extended the discovery period three times already. Second, the length of the delay and reason for the delay weigh in favor of denying amendment. Plaintiff clearly had the opportunity to amend his complaint to add the three new parties and four new claims he seeks in the amendment at issue prior to the deadline expiring on February 5, 2019. He fails to provide a viable reason that the Court can find his lengthy delay to be in good faith. Plaintiff was aware of Naphcare's identity since the commencement of this litigation, but never once moved to add a claim against it subsequent to the screening order being issue March 7, 2018 (ECF No. 5), until now. Similarly, Plaintiff has also been aware of the identity of Rhynard and Bitar since February 2019 and never requested any extension of time to the deadline to amend the pleadings and add parties in order to add them as parties. Significantly, the Court finds the length of the delay troublesome given that Plaintiff does not and cannot point to any new evidence or discovery being an intervening circumstance to all of the sudden warrant the addition of new parties and claims.

Finally, the Court struggles to find the amendment to be in good faith as there are serious questions as to the futility of the new claims. Plaintiff claims that Defendant's argument regarding NRS 41A.100 providing the basis for his professional negligence claims is incorrect because he is basing his negligence claims on the 8th and 14th Amendments of the U.S. Constitution. Indeed, a review of the proposed negligence claims indicates they replicate Plaintiff's due process claim related to dental care that the Court already permitted to proceed as of March 7, 2018. (ECF No. 5). Plaintiff does not meet the excusable neglect standard to add in Naphcare, Bitar, and Rhynard at this late date. Accordingly, the Court will recommend that Plaintiff's proposed amendment adding new parties and new claims be denied.

Plaintiff also seeks a fourth extension of discovery, for 90 days, to complete possible depositions. (ECF No. 68). However, he fails to outline with any specifics what written discovery and depositions remain to be completed and dates for the remaining discovery. He also fails to explain why 90 days is necessary. The Court has already extended discovery deadlines substantially in this case, three times, with the current discovery deadline having expired on

February 3, 2020. Plaintiff does not include any explanation of what discovery was completed since the last, third extension, and his fourth extension request fails to illuminate any new rationale for an additional extension. Moreover, in light of the Court's recommendation that new claims and parties not be permitted to be added at this late stage, the lack of specificity of Plaintiff's request is a fatal flaw. It will deny Plaintiff's request without prejudice at this point as the Court cannot determine what discovery is remaining that would be supported by the good cause standard.

Finally, having ruled on the outstanding discovery issues, the Court will address the parties' stipulation to set the dispositive motions deadline. (ECF No. 71). It will grant the stipulated request for an extension and set the dispositive motions deadline for 30 days from today.

## **RECOMMENDATION**

IT IS HEREBY RECOMMENDED that Plaintiff Luis Cervantez's Motion to Amend/Correct the Complaint (ECF No. 63) be **denied**.

## **NOTICE**

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

**ORDER**

IT IS HEREBY ORDERED that Plaintiff's Motion to Extend Discovery (ECF No. 68) is **denied without prejudice**.

IT IS FURTHER ORDERED that the parties' Stipulation to Extend the Dispositive Motions Deadline (ECF No. 71) is **granted** and sets the dispositive motions deadline for thirty days from today.

DATED: March 10, 2020

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE