S. BRENT VOGEL
Nevada Bar No. 6858
Brent.Vogel@lewisbrisbois.com
KATHERINE J. GORDON
Nevada Bar No. 5813
Katherine.Gordon@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
6385 South Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
T: 702.893.3383
F: 702.893.3789
*Attorneys for Defendant Allan Kirkwood, D.D.S.*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LUIS CERVANTES,<br><br>        Plaintiff,<br><br>vs.<br><br>EDDIE SCOTT, *et al.*,<br><br>        Defendants. | CASE NO. 2:17-cv-00562-MMD-DJA<br><br>**STIPULATION AND ORDER TO EXTEND DISPOSITIVE MOTION DEADLINE (Second Request)** |

Pursuant to LR 6-1 and LR 26-4, Plaintiff Luis Cervantes ("Plaintiff"), Defendant Allan Kirkwood, D.D.S. ("Dr. Kirkwood"), and Defendants Eddie Scott, Kevin Patimeteepom, and Timothy Dorion ("the LVMPD Defendants") by and through their respective counsel, hereby stipulate, agree, and request that this Court extend the dispositive motion deadline from the current date of April 9, 2020 because Plaintiff filed an Objection to the Magistrate Judge's Order Denying Plaintiff's Motion for Leave to File an Amended Complaint and Denying Plaintiff's Motion to Extend the Discovery Deadlines. [ECF No. 73]. Defendant Dr. Kirkwood filed an Opposition to the Objection [ECF No. 74]. Plaintiff's Reply is not yet due.

The parties previously stipulated to continue the due date for dispositive motions until 30 days after the Court ruled on Plaintiff's Motion for Leave to File an Amended Complaint and Motion to Extend the Discovery Deadlines, which resulted in a due date of April 9, 2020. However, the purpose for extending the due date to April 9, 2020 is now moot in light of Plaintiff's Objection.

Therefore, the parties request a second extension of the due date for dispositive motions until 30 following the Court's ruling on Plaintiff's Objection, which should provide a final resolution of the two Motions.

A. **Discovery Completed to Date**

Plaintiff, Dr. Kirkwood, and the LVMPD Defendants have exchanged initial disclosures pursuant to FRCP 26(f). Plaintiff provided first supplemental disclosures. The LVMPD Defendants provided first and second supplemental disclosures. Dr. Kirkwood and the LVMPD Defendants served first sets of written discovery requests on Plaintiff and Plaintiff responded. The LVMPD Defendants served second sets of written discovery requests on Plaintiff and Plaintiff responded. Dr. Kirkwood and the LVMPD Defendants served Initial Expert Disclosures. The deposition of Plaintiff was taken on August 26, 2019.

Discovery closed on January 27, 2020.

B. **Discovery Remaining to be Completed**

If Plaintiff's Objection to the Court's denial of his Motion for Leave to File an Amended Complaint (which seeks the addition of two new Defendants) [ECF No. 73] is granted and Plaintiff is permitted to file his proposed amended Complaint, all parties will need additional time to complete discovery. If Plaintiff's Objection to the Court's denial of his Motion for Leave to File an Amended Complaint is denied, no additional discovery will be completed.

C. **Reason for Request for Extension of Dispositive Motion Deadline**

The Court's Orders on Plaintiff's Objection to the Magistrate Judge's Order Denying Plaintiff's Motion for Leave to File an Amended Complaint and Denying Plaintiff's Motion to Extend the Discovery Deadlines. [ECF No. 73] may affect the deadline for dispositive motions.

D. **Proposed Extended Deadline for Dispositive Motions**

Accordingly, the parties respectfully request that this Court enter an order as follows:

(1) Dispositive Motions.

Dispositive motions may be filed no later than thirty (30) days after the Court files its Orders regarding Plaintiff's Objection to the Magistrate Judge's Order Denying Plaintiff's Motion for Leave to File an Amended Complaint and Denying Plaintiff's Motion to Extend the Discovery

LEWIS BRISBOIS

Deadlines. [ECF No. 73].

The parties recognize that this request is not being made within twenty-one (21) days of the current dispositive motion deadline, April 9, 2020 pursuant to LR 26-4; however the parties submit that good cause and excusable neglect exists.

LR 26-4 states in relevant part:

> A motion or stipulation to extend a deadline set forth in a discovery plan must be received by the court no later than 21 days before the expiration of the subject deadline. A request made within 21 days of the subject deadline must be supported by a showing of good cause. A request made after the expiration of the subject deadline will not be granted unless the movant also demonstrates that the failure to act was the result of excusable neglect.

In evaluating excusable neglect, the court considers the following factors: (1) the reason for the delay and whether it was in the reasonable control of the moving party; (2) whether the moving party acted in good faith; (3) the length of the delay and its potential impact on the proceedings; and (4) the danger of prejudice to the nonmoving party. See *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 395 S. Ct. 1489, 123 L.Ed.2d 74 (1993).

As set forth above, the parties are still unaware of the Court's ruling regarding a potential amendment of the Complaint (which would add two new Defendants) and its ruling regarding Plaintiff's requested extension of the current discovery deadlines. The Magistrate Judge denied both of Plaintiff's requests, however, Plaintiff filed an Objection to the Magistrate's Order. Should the Court grant Plaintiff's Objection regarding either the denial of Plaintiff's Motion for Leave to File an Amended Complaint or the denial of Plaintiff's Motion to Extend Discovery, the current dispositive motion deadline would be moved accordingly.

The parties have been diligent; however, they do not exercise control over the date upon which the Court will rule on the pending Objection. The parties are unable to determine their next steps in litigation, including the scope of potential dispositive motions, until such time as the Court

has ruled on the pending Objection. As such, the delay in requesting the current extension was outside the control of the parties. The length of the requested extension for dispositive motions should not result in prejudice to any party.

The foregoing request and stipulation for an extension of the dispositive motion deadline is made in good faith, jointly by the parties hereto.

| LEWIS BRISBOIS BISGAARD & SMITH LLP | KAEMPER CROWELL |
|---|---|
| /s/ *Katherine J. Gordon* <br> S. BRENT VOGEL <br> Nevada Bar No. 6858 <br> KATHERINE J. GORDON <br> Nevada Bar No. 5813 <br> 6385 S. Rainbow Boulevard, Suite 600 <br> Las Vegas, Nevada 89118 <br> T: 702.893.3383 <br> *Attorneys for Defendant Allan Kirkwood, D.D.S.* | /s/ *Lyssa S. Anderson* <br> LYSSA S. ANDERSON <br> Nevada Bar No. 5781 <br> RYAN W. DANIELS <br> Nevada Bar No. 13094 <br> 1980 Festival Plaza Drive, Ste. 650 <br> Las Vegas, Nevada 89135 <br> T: 702.792.7000 <br> *Attorneys for Defendants Eddie Scott, Kevin Patimeteeporn, and Timothy Dorion* |

HATFIELD & ASSOCIATES

/s/ *Trevor J. Hatfield*
TREVOR J. HATFIELD
Nevada Bar No.7373
703 S. Eighth Street
Las Vegas, Nevada 89101
T: 702.388.4469
*Attorney for Plaintiff*

**ORDER**

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE

Dated: April 9, 2020
Case No. 2:17-cv-0562-MMD-DJA