UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| LUIS CERVANTES,<br><br>   Plaintiff,<br>v.<br><br>EDDIE SCOTT, *et al.*,<br><br>   Defendant. | Case No. 2:17-cv-00562-MMD-DJA<br><br>ORDER |

## I.  SUMMARY

Plaintiff Luis Cervantes[1], an inmate in the custody of the Nevada Department of Corrections ("NDOC"), brings this action under 42 U.S.C. § 1983. Before the Court is the Order and Report and Recommendation ("Order and Recommendation") of United States Magistrate Judge Daniel J. Albregts. The Order and Recommendation addresses separate but somewhat related issues: (1) Plaintiff's motion to extend discovery ("Discovery Motion") (ECF No. 68); and (2) Plaintiff's motion to amend/correct complaint ("Amendment Motion") (ECF No. 63).[2] Judge Albregts denied the Discovery Motion[3]; he recommends that the Court deny the Amendment Motion. (ECF No. 72.) Plaintiff has filed

---

[1] Plaintiff's last name as written in the application to proceed *in forma pauperis* ("IFP Application") is Cervantes. (ECF No. 1 at 1.) The spelling as noted in the case caption is Cervantez and may have resulted from an error in the Court's screening order (ECF No. 5). The Court thus directs the Clerk to correct the case caption to reflect the spelling of Plaintiff's last name as reflected in the IFP Application.

[2] Judge Albregts also granted the stipulation to extend dispositive motions deadline (ECF No. 71). (ECF No. 72 at 4.)

[3] Judge Albregts has authority to fully resolve the pretrial issues raised in the Discovery Motion, which is why he denied the Discovery Motion instead of recommending denial as he did with the Amendment Motion. *See* 28 U.S.C. § 636(b)(1)(A)

an objection ("Objection") (ECF No. 73) and Defendant has responded (ECF No. 74).[4] As explained below, the Court accepts and adopts the Order and Recommendation in its entirety.

## II. BACKGROUND

Following screening, the Court permitted Plaintiff to proceed with due process claims relating to his dental care while he was a pretrial detainee at the Clark County Detention Center. (ECF No. 5 at 6-7.) The Court incorporates by reference the recitation of the factual and procedural background as provided in the screening order (ECF No. 5 at 3-5) and the Order and Recommendation (ECF No. 72), which the Court adopts.

## III. LEGAL STANDARDS

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." *Id.* Where a party fails to object, however, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original); Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (providing that a court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation").

In contrast, in reviewing a magistrate judge's non-dispositive pretrial order, such as Judge Albregts' order denying the Discovery Motion, the magistrate's factual determinations are reviewed for clear error. *See* 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a). "A finding is clearly erroneous when although there is evidence to support

---

[4]The Court disregards Plaintiff's reply (ECF No. 77) as Plaintiff did not seek leave of Court before filing it. *See* LR IB 3-2(a).

it, the reviewing body on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Ressam*, 593 F.3d 1095, 1118 (9th Cir. 2010) (quotation omitted). A magistrate judge's pretrial order issued under § 636(b)(1)(A) is not subject to *de novo* review, and the reviewing court "may not simply substitute its judgment for that of the deciding court." *Grimes v. City & County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991).

**IV.   DISCUSSION**

    **A.   Amendment Motion (ECF No. 63)**

Judge Albregts recommends that the Court deny Plaintiff's Amendment Motion, finding no excusable neglect for Plaintiff's delay in bringing the motion. (ECF No. 72 at 2.) In the Objection, Plaintiff does not seem to challenge any of Judge Albregts' findings—instead, Plaintiff largely reiterates the same arguments he made in his reply to Defendant's response to the Amendment Motion. (*Compare* ECF No. 73 at 2-3 *with* ECF No. 67 at 3-6.) Regardless, upon *de novo* review the Court finds that Plaintiff has not demonstrated excusable neglect.

Courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, a party must show good cause and excusable neglect to reopen the amendment period if the party seeks leave to amend after expiration of the amendment deadline in the scheduling order. *See* Fed. R. Civ. P. 6(b)(1)(B). Courts weigh, according to their own discretion, the following factors to determine excusable neglect: "(1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith." *Pincay v. Andrews*, 389 F.3d 853, 855, 860 (9th Cir. 2004).

The deadline to amend pleadings and add parties ended on February 5, 2019. (ECF No. 25.) Discovery has already been extended three times and is currently closed. (*See* ECF Nos. 33, 54, 60.) It would be prejudicial to Defendants to put them "through the time and expense of continued litigation on a new theory" at this stage. *Priddy v. Edelman*, 883

F.2d 438, 447 (6th Cir. 1989). Furthermore, Plaintiff's delay is lengthy—Plaintiff did not seek an extension of time to amend the Complaint and add Rhynard and Bitar despite knowing their identities in February 2019. (ECF Nos. 38, 39.) Plaintiff offers no explanation for this delay. Finally, it is probable that Plaintiff's proposed new claims are futile. Based on the factual allegations in the proposed amended complaint, all of Plaintiff's negligence claims are likely to sound under medical malpractice and, therefore, are likely void ab initio as they lack the medical expert supporting affidavit required under Nevada law. *See Szymborski v. Spring Mountain Treatment Ctr*, 403 P.3d 1280, 1284 (Nev. 2017) ("Allegations of breach of duty involving medical judgment, diagnosis, or treatment indicate that a claim is for medical malpractice."); *Washoe Med. Ctr. v. Second Jud. Dist. Court of State of Nev. ex rel. County of Washoe*, 148 P.3d 790, 794 (Nev. 2006) ("[A] medical malpractice complaint filed without a supporting medical expert affidavit is void ab initio. . ..."). Weighing these factors, the Court finds that Plaintiff's delay in seeking leave to amend is not supported by excusable neglect. Accordingly, the Court adopts Judge Albregts' recommendation to deny the Amendment Motion.

### B.   Discovery Motion (ECF No. 68)

Plaintiff does not explain how Judge Albregts clearly erred in denying the Discovery Motion. (*See* ECF No. 73 at 3.) Regardless, having already found that Plaintiff may not add new claims or new defendants at this stage, the Court agrees with Judge Albregts that Plaintiff's Discovery Motion is not supported by good cause. Therefore, the Court overrules Plaintiff's appeal of Judge Albregts' order denying Plaintiff's Discovery Motion (ECF No. 73).

### V.   CONCLUSION

It is therefore ordered that Judge Albregts' Order and Recommendation (ECF No. 72) is adopted in its entirety.

It is further ordered that Plaintiff's Objection (ECF No. 73) is overruled.

It is further ordered that Plaintiff's motion to amend (ECF No. 63) is denied.

///

4

It is further ordered that the Clerk of the Court correct the case caption to reflect the spelling of Plaintiff's last name as reflected in the IFP Application.

DATED THIS 17th day of April 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE